IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

Calvin Mays, Jr. A.I.S #150299 )
_____ )
Full name and prison number      )
of plaintiff(s)                  )
                                 )
v.                               )    CIVIL ACTION NO. 2:06cv532-ID
                                 )    (To be supplied by Clerk of
Ola B. Johnson                   )    U.S. District Court)
_____)
Derrick Cunningham               )
_____)
Et, Al.,                         )
_____)
                                 )
_____)
                                 )
_____)
Name of person(s) who violated   )
your constitutional rights.      )
(List the names of all the       )
persons.)                        )

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action?  YES (  )  NO ( ✓ )

    B.  Have you begun other lawsuits in state or federal court
        relating to your imprisonment?  YES (  )  NO ( ✓ )

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below.  (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s) _____N/A_____

            Defendant(s) _____N/A_____

        2.  Court (if federal court, name the district; if
            state court, name the county) _____
            _____N/A_____

3. Docket number __N/A__

4. Name of judge to whom case was assigned __N/A__

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) __N/A__

6. Approximate date of filing lawsuit __N/A__

7. Approximate date of disposition __N/A__

II. PLACE OF PRESENT CONFINEMENT __Kilby Correctional Facility__

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED __Montgomery County, Alabama__

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| | NAME | ADDRESS |
|---|---|---|
| 1. | Ola B. Johnson | (Last Known) 320 N. Ripley St. Montgomery, AL 36104 (Unknown) |
| 2. | Derrick Cunningham | 115 S. Perry St. Montgomery, AL 36104 |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED __October 17, 1997__

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: __See Attached Ground I__

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

_____

GROUND TWO: _SEE ATTACHED GROUND II_

SUPPORTING FACTS: _____

GROUND THREE: _SEE ATTACHED GROUND III & IV_

SUPPORTING FACTS: _____

3

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

_SEE ATTACHED RELIEF SOUGHT._

_____

_____

_Calvin Mayo, M._
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on _JUNE 13, 2006_.
(Date)

_Calvin Mayo, M._
Signature of plaintiff(s)

4

## STATEMENT OF FACTS

On August 27, 1997 Detective Derrick Cunningham, recieved information from Christopher Mccloud who is well known for given false reports to police officers. Christopher Mccloud was arrested an placed in Montgomery City Jail for (unrelated issues of this case). Christopher Mccloud gave Cunningham information on some unsolved murders and that he wanted the reward that was out on it. (See attached exhibit Mccloud arrest record #1)

Plaintiff was serving a sentence for parole violation at Staton Correctional Facility. September 3, 1997 Plaintiff were transfered to Kilby Correctional Facility and place in (lock-up) from the outside world, on the information given by Christopher Mccloud. September 9, 1997 Derrick Cunningham came to Kilby Correctional Facility to talk to Plaintiff regarding the information he recieved from Christopher Mccloud. October 17, 1997 Derrick Cunningham went to the District Court of Montgomery County, had Ola B. Johnson to issue a affidavit and warrant for arrest charging Plaintiff with the offense of Capital Robbery Murder.

Ola B. Johnson signed affidavit and warrant for arrest as Magistrate, Judge, Clerk, and Derrick Cunningham listed as the only state witness. Ola B. Johnson and Derrick Cunningham signed these documents in the present of eachother only. (See attached exhibit #2 affidavit and warrant for arrest)

June 12, 1998 the Grand Jury of Montgomery County returned an indictment charging Plaintiff with murder. August 24, 1999 Plaintiff was sentence to a life sentence for felony-murder.

Plaintiff brings these following grounds in support of his violation of federal, and constitutional rights under 42 U.S.C.A. § 1983.

## Ground I Malicious Prosecution

Plaintiff alleges that Detective Derrick Cunningham and Ola B. Johnson instigated, effectuated, and maintain a prosecution of plaintiff in violation of his rights provided by the Fourth and Fourteenth Amendment.

Ola B. Johnson who signed affidavit and warrant for arrest as Judge, Clerk, Magistrate were not authorized to sign these documents knowing that she were not a Judge, Clerk, or Magistrate or nor did she have the power or the authority to issue affidavit and warrant for arrest of plaintiff, that have caused plaintiff to be unlawfully and falsely imprisoned against his will, depriving plaintiff of lif, and liberty.

Plaintiff presents one (1) falsified affidavit and warrant for arrest (see attached exhibit #2). Ola B. Johnson knowingly and intentionally with recklessly disregard for the truth falsified these documents. Ola B. Johnson did not state that she was acting as Judge, Clerk, or magistrate, or list her official capacity, at the time, while falsifying these documents. In order for Ola B. Johnson to have the judicial authority to issue affidavit and warrant for arrest as Judge, Clerk, or Magistrate, Ola B. Johnson have had to been practicing law in the State of Alabama. According to the Alabama State Bar there's no record of Ola B. Johnson as practicing law in the State of Alabama (see attached exhibit #3)

Rule 18 II (A)(3)(A) Alabama Rules of Judicail Administration as follows: "... The powers of a District Court Magistrate shall be limited to:
"(A) Issuance of Arrest Warrants.... And, where such Magistrate

IS LICENSED TO PRACTICE LAW IN ALABAMA, ISSUANCE OF SEARCH WARRANTS,..." THIS PAPER BEING WITHOUT THE SIGNATURE OF A JUDGE, CLERK, OR MAGISTRATE WAS NOT A WARRANT, IT WAS MERE NULLITY. PLAINTIFF SHOWS THAT OLA B JOHNSON DID NOT HAVE THE JUDICAL POWER TO ISSUE AFFIDAVIT AND WARRANT FOR ARREST THAT WERE NOT SUPPORTED BY OATH OR AFFIRMATION. IT IS MANDATORY THAT A FORMAL ACCUSATION BY INDICTMENT OR INFORMATION OR COMPLAINT MADE IN THE MANNER PRESCRIBED BY LAW AND SUPPORTED BY OATH IS PREREQUISITE TO THE TRIAL COURT'S JURISDICTION SEE LOONEY VS. ___ 797 SO.2d 429 (ALA.CRIM.APP.2001) §15-15-201, ALA. CODE 1975. THIS AFFIDAVIT AND WARRANT FOR ARREST WAS NOT ISSUED BY AN AUTHORIZED OFFICIAL WHO POSSESSED THE JUDICIAL AUTHORITY TO DO SO THE COURTS OF MONTGOMERY COUNTY NEVER OBTAINED JURISDICTION OVER HIM. SEE ROSS V. STATE SUPRA 529 SO.2d 1078; WOODHAM V. STATE 28 ALA. APP. 62, 178 SO. 464 (1938) IT IS MANDATORY IN THE STATE OF ALABAMA BEFORE ONE CAN ISSUE A WARRANT FOR AN ARREST A MAGISTRATE MUST BE A LICENSE PRACTICING MAGISTRATE. SEE RULE 18 SUBD. 2(A)(3)(4); ALABAMA RULE OF JUDICIAL ADMINSTRATION; LAWS 1973 PAGE 1203 LAWS 1975 PAGE 1005, ALSO CONSTITUTIONAL AMENDMENT NO: 328 (JUDICIAL ARTICLE) §6.11, NEWTON V. STATE 375 SO.2d 1245 (ALA.CRIM.APP.); RINGER V. STATE 394 SO.2d 69 (ALA.CRIM.APP.); WATKINS V. CITY OF FLORENCE 484 SO.2d 1209 (ALA.CRIM.APP); ALA. CODE 1975 SECTION 12-17-251. AN UNSIGNED PAPER IN THE FORM OF A AFFIDAVIT AND WARRANT FOR ARREST BEING WITHOUT THE SIGNATURE OF ANY MAGISTRATE WAS NOT WARRANTED, BUT MERE NULLITY AND INADMISSIBLE REACH V. QUINN 159 ALA. 340; 48 SO. 540 1909 ALA. LEXIS 631; KELLY V. STATE 55 ALA. APP. 402; 316 SO.2d 233; ALA. CRIM. APP. LEXIS 1490; OATES V. BULLOCK 136 ALA. 537; 33 SO. 835; ALA. LEXIS 420; GRISSOM V. LAWLER 10 ALA. APP. 540; 65 SO. 705 ALA. APP. LEXIS 234; JOHNSON V. UNITED STATES 92 LED 436, 333 US 10;

2

Derrick Cunningham was lead Investigator working Robbery/Homicide Division for Montgomery Police Department and asigned Case Agent of this crime (Malicious Investigation) against Plaintiff. Derrick Cunningham used his Authority to have Plaintiff arrested without Probable Cause. Article §1§5 Constitution of Alabama 1901 Provides as well as the United States Constitution 4th Amendment "That the People shall be secured in their Persons, Houses, Papers, and Possessions from unreasonable seizure or searches and that no Warrants shall be issued to search any place or to seize any person or thing without Probable Cause, Supported by Oath or Affirmation."

Derrick Cunningham recieved information from Christopher Mccloud August, 1997 which Mccloud were in Jail for unrelated charges and inform Derrick Cunningham that he had information concerning drug deals and unsolved murders, that he wanted the reward out on it. Derrick Cunningham accepted the information "only information" from a known liar, con-artist who's in jail and have several arrest for false reports to Police. (See Exhibit #1)

Derrick Cunningham relied upon the information of a liar with no witnesses, no physical evidence of a crime, had been committed or being committed. In violation of his duties, went to Ola B. Johnson without Probable Cause to have a false affidavit and warrant for arrest issued against Plaintiff., in violation of his Constitutional Rights afforded by the Fourth (4th) Amendment which states: Probable Cause - which Amounts to more than a bare suspicion, but less-than evidence that would justify a conviction must be shown before an arrest warrant or search warrant may be issued.

3

Derrick Cunningham is listed as the only states witness on this void, and false document that have caused plaintiff to be falsely imprisonment with a life sentence.

Futhermore this defendant Derrick Cunningham along with Ola B. Johnson in the present of eachother falsified these documents without probable cause, and without any concerns for human rights as a citizen. This paper being without the signature of any magistrate, was not a warrant it was mere nullity, "An Arrest", In the strict legal sense of the term, involves three elements: 1) Authority; 2) Intention; and 3) Restraint of the person. 2 Am Eng. Ency. Law (2d ed.) 834.

An averment of the issuance of process, properly describing it, and the plaintiff's arrest and imprisonment by virtue thereof, is essential to constitute a count for malicious prosecution, without probable cause, that it was malicious. McLeod v McLeod 75 Ala. 483 13 '75 Ala '7x'; Foster v Napier 73 Ala. 595. To establish a malicious prosecution claim it must show 1) A prior judicial proceeding 2) instigated by the present defendant; 3) without probable cause; 4) malice; 5) the termination of the judicial proceeding favorably to the present plaintiff; and 6) damages. See Delchamps Inc v Larry 613 So.2d 1235, 1238 (Ala 1992); Robinson v McPherson 602 So.2d 352, 354 (Ala 1992); Whitlow v Bruno's Inc. 567 So.2d 1235, 1237 (Ala 1990) Lumpkin v Cofield 536 So.2d at 64; Alabama Power Co. V. Neighbors 402 So.2d 958, 962 (Ala. 1981).

4

## Ground II Abuse of Process

Derrick Cunningham and Ola B. Johnson abuse the process for an affidavit and warrant for arrest, which violated Plaintiff's rights as a citizen. The Defendants misuse of process, no matter how it was obtained, for any purpose other than that which it was designed to accomplish the arrest of Plaintiff. The abuse of process have been willful and for an unlawful purpose.

Derrick Cunningham willfully caused an arrest of Plaintiff without probable cause by a faslified affidavit and warrant for arrest, by an unauthorized Judge, Magistrate, Clerk that were not practicing law in the state of Alabama.

The improper and tortious use of a legitimately issued court process to obtain a result that is unlawful and beyond the laws of the state of Alabama and the United States. The process of Derrick Cunningham and Ola B. Johnson was used for an illegal purpose. This issue _Abuse of Process_ rests on the wrongful use of process after it has been issued _Wilson v. Brooks_ 369 So.2d 1221 (Ala. 1979); _Clikos v. Long_ 231 Ala. 424, 165 So. 394 (1936); _Dickerson v. Schwabacher_ 177 Ala. 371, 58 So. 986 (1912).

The above defendants manipulated eachother to achieve some advantage for making fake documents without probable cause, the proceedings that occured _only_ in the present of Detective Derrick Cunningham and Ola B. Johnson were in total violation of each defendants official capiacity. Derrick Cunningham abuse his authority as an detective for Montgomery City Police Department, Ola B. Johnson forged her name as the issuing Magistrate, Judge, Clerk. In _Clikos_ this court stated: "To be remedial the abuse of process must have been willfully and for an unlawful purpose. Abuse of process "implies malicious and wrongful use of process regularly and

5

Rightfully issued; it is malicious perversion of regularly issued process to accomplish purpose whereby result not lawfully or properly obtainable under it is secured. Shoney's Inc. v. Barnett 773 So.2d 1015 (Ala. Civ. App. 1999) quoting Hagood 711 So.2d at 951 (quoting W. Page Keeton et. al., Prosser and Keeton on Torts, § 121 at 898 (5th ed. 1984)) As the Supreme Court explained, the Plaintiff in an Abuse of Process case must prove that the Defendant "somehow acted outside the boundaries of legitimate procedure after the [Initiation of the Proceeding]." Id. The Supreme Court discussed the interplay of ulterior motive and wrongful use of process. "[The [ulterior purpose] must culminate in an actual abuse of the process by perverting it to a use to obtain a result which the process was not intended by law to effect... Dempsey v. Denman 442 So.2d 63, 65 (Ala. 1983)(quoting 72 C.J.S Process § 120, at 1190-91 (195)).

These Defendants knowingly, willingly and recklessly abused the process for obtaining and affidavit and warrant for arrest with no regard for the laws of the State of Alabama or United States. "Abuse of Process" concerns the wrongful use of process after it has been issued see Willis v. Parker 814 So.2d 857 - Mal. Pros. 39; Proc. 168.

## GROUND III OUTRAGEOUS CONDUCT

Derrick Cunningham and Ola B. Johnson intentionally, recklessly did cause severe emotional distress to Plaintiff and bodily harm. Defendants outrageous conduct with disregard of the proceedings for issuing an affidavit and warrant for arrest.

Defendant Derrick Cunningham intented to cause harm to Plaintiff knowing that [he] were accepting information from a Inmate with a police record for false reports. Derrick Cunningham knew that he had to have more than information in order to have a affidavit and warrant for arrest. With no witnesses, no physical evidence, and no probable cause, Derrick Cunningham chooses to use his authority that became outrageous conduct, according to the laws of Alabama which states in Horne v. Russell County Comi'n 379 F.Supp.2d 1305 M.D. Ala 2005 "Outrageous Conduct" requires showing that actor intended to inflict emotional distress, the conduct was extreme and outrageous, and the distress was severe.

Once Derrick Cunningham decided to approach Ola B. Johnson with this false report, with no personal knowledge of a crime. Ola B. Johnson join Derrick Cunningham with this outrage by falsifying a document as a magistrate, judge, clerk, that caused Plaintiff to be placed in prison upon a false affidavit and warrant.

Ola B. Johnson along with Derrick Cunningham in the present of each-other committed fraud and Ola B. Johnson allowed Derrick Cunningham to be the only witness. American Road Serv. Co v. Inmon 394 so.2d 361 (1990) Supreme Court of Alabama This Court Recognized this particular tort, stating: [W]illful wrongs, or those made so recklessly as to equate willfulness authorize recovery in damages for the mental suffering caused thereby, and we now recognize that one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional

7


distress to another is subject to liability for such emotional distress and for bodily harm resulting from the distress. The emotional distress must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme Comment, Restatement, supra, at 78. By extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in civilized society. Comment (D), Restatement, supra at 72 also Prosser, Law of Torts (4th ed.) at 56-60 and Wade, supra for instances which clearly fall within the principle. See <u>Taylor v. Alabama</u> 95 F.-Supp 2d. 1297.

Outrageous conduct consists of the following elements: (1) Intentional or reckless conduct by the defendant which was (2) extreme, outrageous, beyond all bounds of decency and utterly intolerable in a civilized society and which (3) caused emotional distress "so severe that no reasonable person could be expected to endure it." <u>Mahassy v. Holiday Inns</u> 603 So.2d 956, 959 (Ala. 1992)

8

## Ground IV Conspiracy

Derrick Cunningham went to the District Court of Montgomery County with information that Christopher McCloud had given him, that Plaintiff were involved in a crime, with nothing more than statements from a inmate, without probable cause to have a warrant for arrest. Derrick Cunningham came in contact with Ola B. Johnson to have an affidavit and warrant for arrest for Plaintiff. Ola B. Johnson agreed to sign these documents without the authority to do so.

Defendants had come to a understanding, that someone had to be arrested even by depriving Plaintiff of his Rights under the 4th and 14th Amendments provided by 42 U.S.C.A. §1983. Under Alabama Law, "Conspiracy is defined as the combination of two or more persons to do 1) something that is unlawful, oppressive, or immoral, or 2) something that is not unlawful, oppressive, or immoral, by unlawful, oppressive, or immoral means, or 3) something that is unlawfully, oppressive, or immoral, by unlawful, oppressive, or immoral means.

The Supreme Court and the Eleventh (11th) Circuit have recognized that a Conspiracy to violate Constitutional Rights states a claim under §1983. See Dennis v. Sparks 499 U.S. 24, 29 101 S.Ct 183, 187 66 L.ed 2d 185, 190 (1980); Adickes v. Kress & Co 398 U.S. 144, 152, 90 S.Ct. 15, 98 1605-06, 26 L.ed 2d 142, 150-51 (1970). This alleged Conspiratorial Testimonial acts of Derrick Cunningham and the Unauthorization of Ola B. Johnson forging her name as Magistrate, Judge, Clerk impinge upon Plaintiff Rights protected by §1983. In Shaw v. Garrison 467 F.2d 113, 120 (5th Cir.) 409 U.S. 1024, 93 S.Ct. 467 34 L.ed 2d 317 (1972) and the Eleventh (11th Cir) Circuit determined that "There is a Federal Right to be free from bad faith prosecutions. In Gerstein v. Pugh 420 U.S. 103, 95 S.Ct 854, 43 L.ed 2d 54 (1975) The Court held that the Fourth Amendment requires a state to

9

Provide a judicial or neutral determination of probable cause for a person detained after arrest.

Conspiracy - An agreement or understanding between two or more parties to do an unlawful thing or to do a lawful thing in an unlawful manner. Derrick Cunningham and Ola B. Johnson did a lawful thing in an unlawful manner which have cause the Plaintiff to be deprieved of his rights as a citizen.

### Conclusion

Plaintiff states that he has served nine (9) years of a life sentence that was given by the Circuit Court of Montgomery County for the offense of Felony Murder. Plaintiff was unlawful arrested and convicted without Probable Cause. Affidavit and warrant for arrest were issued by one (1) ficitious magistrate, judge, or clerk acting when she forged her name on a faulty affidavit and warrant for arrest that caused Plaintiff to be false imprisoned without probable cause and a proper magistrate, judge, or clerk to sign affidavit and warrant for arrest, to sign affidavit and warrant for arrest, based upon probable cause, which is an inheritant component of Due Process of Law Constitution 1901 §5. Defendants wrongful acts have caused Plaintiff to be unlawfully arrested against his will and falsely imprisoned on violation of his 4th Amendment of the United States Constitution as well as Article 1 §5 Constitution of Alabama 1901.

Plaintiff was deprived of equitable protection of the law his part of the constitution guarantees embodied in the 14th Amendment to the United States Constitution, which states: In part that no state shall.... deny any person within its juridiction the equal protection of the laws. These constitutional rights were stripped from the Plaintiff

When these defendants agreed to do an unlawful act, by having a fictitious affidavit and warrant for arrest forged by a unauthorized person Ola B. Johnson.

## Relief Sought

Plaintiff seeks any and all relief available under the applicable law, to and including injunctive, punitive or any other relief in which the jury deems necessary to remedy the grossly wrong doing and constitutional violations thereof.

Done this day of June 13 06

Calvin Mays, Jr.
AIS #150299 KCB-168
P.O. Box 150
Mt. Meigs, AL. 36057

11

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT THE FOREGOING DOCUMENTS HAVE ALONG WITH EXHIBITS, BEEN PROBABLY ADDRESS TO THE CLERK FOR THE MIDDLE DISTRICT OF THE UNITED STATES, BY PLACING IN THE U.S. MAIL BOX AT P.O. BOX 150 MT. MEIGS, AL. 36057.

DONE THIS DAY OF June 13, 06

Calvin Mays, Jr.
AIS# 150299 HCB-168
P.O. Box 150
MT. MEIGS, AL. 36057

Clerk For The
Middle District Of The
United States
P.O. Box 711
Montgomery, AL. 35203

cc: Cm