IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CALVIN MAYS, JR., #150299,      )
                                )
        Plaintiff,              )
                                )
    v.                          )        CIVIL ACTION NO. 2:06-CV-532-ID
                                )                    [WO]
                                )
OLA B. JOHNSON, et al.,         )
                                )
        Defendants.             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by

Calvin Mays, Jr. ["Mays"], a state inmate, on June 13, 2006.[1]  In this complaint, Mays

asserts that on October 17, 1997 Ola B. Johnson, a clerk for the district court of

Montgomery County, Alabama, and Derrick Cunningham, a detective with the

Montgomery Police Department, violated his constitutional rights when they issued a

warrant for his arrest for the 1995 robbery and murder of Reginald L. Kirks.  Specifically,

Mays contends that issuance of the warrant (i) resulted from a falsified affidavit, (ii) caused

his arrest and conviction without probable cause, (iii) instigated and effectuated a malicious

---

[1] 1. Although the Clerk of this court stamped the complaint "filed" on June 15, 2006, it is clear that Mays presented the complaint to prison officials for mailing prior to this date.  Mays certified that he executed the complaint on June 13, 2006.  The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Mays signed it . . .]" *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers June 13, 2006 as the date of filing.

prosecution against him, (iv) represented an abuse of process, (v) constituted outrageous conduct, and (vi) occurred due to a conspiracy among the defendants.  Mays seeks a declaratory judgment, injunctive relief and damages from the defendants.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## DISCUSSION

### A.  Claims Barred by the Statute of Limitations

Mays asserts that the defendants violated his constitutional rights when they caused a warrant for his arrest to be issued on October 17, 1997.  It is clear from the face of the complaint that Mays' claims are barred by the statute of limitations.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985).  Selection of a limitations period for  § 1983 actions changed several times [between 1985 and 1989].  Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose.  *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981).  It is undisputed that § 1983 claims were subject to a two year limitations period at that time.  *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d at 537.  At the time Mays filed the instant complaint, the

---

[2]. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years.
*Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983
actions is the forum state's general or residual statute of limitations for personal injury
actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).  In Alabama,
the general statute of limitations for personal injury actions is two years.  *Ala. Code* § 6-2-
38(l).

    The alleged unconstitutional actions occurred on October 17, 1997.  On May 17,
1996, the Alabama legislature rescinded that portion of the tolling provision which
previously applied to convicted prisoners.  *See Ala. Code* § 6-2-8(a) (1975, as amended).
The tolling provision of *Ala. Code* § 6-2-8(a) is therefore unavailing.  Consequently, the
applicable statute of limitations expired on the claims arising from issuance of the arrest
warrant on October 17, 1999.  Mays filed the instant complaint on June 13, 2006.  This
filing occurred several years after the applicable limitations period had lapsed.

    Unquestionably, the statute of limitations is usually a matter which may be raised
as an affirmative defense.  The court notes, however, that in an action proceeding under
section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the
face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2
(11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the district court
sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)]
dismissal is allowed."  *Clark*, 915 F.2d at 640.  "The expiration of the statute of limitations

3

is an affirmative defense the existence of which warrants dismissal as frivolous. *See*

*Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for

frivolousness or maliciousness even before service of process or before the filing of the

answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants

the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a
> significant benefit to courts (because it will allow them to use their scarce
> resources effectively and efficiently), to state officials (because it will free
> them from the burdens of frivolous and harassing litigation), and to prisoners
> (because courts will have the time, energy and inclination to give meritorious
claims the attention they need and deserve). "We must take advantage of every tool in our
judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Mays has no

legal basis on which to proceed as he filed this cause of action more than two years after

the violations which form the basis of the complaint accrued. As previously determined,

the statutory tolling provision provides no basis for relief. In light of the foregoing, the

court concludes that Mays' challenges to the arrest warrant are barred by the applicable

statute of limitations and these claims are therefore subject to dismissal as frivolous in

accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia*

*Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*,

490 U.S. 319 (1989).[3]

**B.  The Challenge to Plaintiff's Felony Murder Conviction**

On June 24, 1999, a Montgomery County jury convicted Mays of felony murder for the robbery and murder of Reginald L. Kirks.  On August 24, 1999, the trial court imposed a sentence of life imprisonment upon Mays for this conviction, a sentence on which Mays is presently incarcerated.   To the extent Mays asserts claims challenging the constitutionality of this conviction, these claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  512 U.S. at 487.  The Court emphasized that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the

---

[3]. Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated its position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

A judgment in favor of Mays in this cause of action on any claims challenging the constitutionality of the felony murder conviction imposed upon him by the Circuit Court of Montgomery County, Alabama would necessarily imply the invalidity of this conviction and the sentence imposed for such conviction. The complaint establishes that the conviction about which Mays complains has not been invalidated in an appropriate proceeding.

6

Consequently, the instant collateral attack is prohibited and subject to summary dismissal by this court pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).  *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).


## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claims arising from issuance of the arrest warrant be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as Mays failed to file the complaint within the time prescribed by the applicable period of limitations.

2.  To the extent the complaint challenges the validity of the felony murder conviction imposed upon Mays by the Circuit Court of Montgomery County, Alabama, these claims be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before July 12, 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of June, 2006.


/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE