IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Calvin Mays, JR., # 150299,
Plaintiff,

v.   CIVIL ACTION NO. 2:06-CV-532-ID
   [WO]

Ola B. Johnson,
Derrick Cunningham,
et al.,
Defendants.

## OBJECTION TO THE MAGISRATE JUDGE'S RECOMMENDATION

Comes now Calvin Mays, JR., (herein after Plaintiff) by and through himself with the following **Objection** to the Magistrate Judge's Recommendation and shows the following:

A. **Plaintiff's claims are not barred by the statute of Limitations:**

In State of Alabama v. John Lyman Fain 484 so. 2d. 558; Ala.Crim. App.(1986) " A valid warrant of arrest is the commencement of a criminal prosecution within the meaning of the Statute Of Limitations. Ross v. State 55 Ala. 177, 178 (1876). However, a void warrant of arrest will not toll the Statute Of Limitations. see Roberson v. State 28 Ala.App. 579-80;190 So. 110 (1939); Lemley v. State 24 Ala.App.427,429,136 So. 494,496 (1931); A warrant issued without a proper affidavit is void. Dison 469 So.2d. at 664-65; Johnson v State 18 Ala.App.178,179;89 So.843 (1921) see also Ex parte Beard 246 Ala. 338,343 20 So.2d.721,726 (1944); Jackson v. City of Muscle Shoals 52 Ala. App.227,229;291 So.2d.162,164 (1974); Constitution 1901 § 5.

Under Ex Parte Dison, Supra that judgment has not been contested since the warrant was void, it did not toll the Statue of Limitation. The word "void" in its strictest sense means that which has no force and effect, is without legal efficacy is incapable of being enforced by law, or has no legal or binding force." Black's Law Dictionary 1411 [Rev. 5th Ed. 1979] since a void warrant has no legal effect, there was nothing to toll the Statue of Limitations.

Whitson v Baker 755 F 2d. 1406 (11th Cir 1985); (The tolling statute, on the other hand, applies to those imprisoned for a term less than life.) This court stated "Futhermore, the cases we have found dealing with civil death involved persons serving life sentences." See Holmes v King 216 Ala. 412,

113 So. 274 (1927); Quick v Wetson 207 Ala. 376, 92 So. 608 (1922). In Burrell v Newsome 883 F. 2d. 416 (5th Cir. 1989) the Court stated: It is well settled that the limitations period will commence to run immediately upon the removal of the disability of imprisonment when the prisoner is freed from confinement, regardless of whether it is by an illegal means or by a legitimate means, the Statute of Limitations begins to run and it is not tolled by any subsequent imprisonment.

Alabama law provided that: <u>If anyone</u> entitled to commence any ...[action]... is, at the time such right accrues, ...imprisoned on a criminal charge for any term less than for life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence as action.....
Plaintiff is currently serving a life sentence upon a "void" or "invaild" Affidavit and Warrant for Arrest from Montgomery county.

## B. <u>THE CHALLENGE TO THE OATH AND AFFIRMATION OF AFFIDAVIT AND WARRANT FOR ARREST.</u>

October 17,1997 Ola B. Johnson signed Affidavit and Warrant for Arrest without the Authority as a Magistrate, Judge, or Clerk of Montgomery County, Alabama Detective Derrick Cunningham is listed as the state's only witness on this Affidavit and Warrant for Arrest. The issuance of this warrant for Plaintiff's arrest were not based on Oath and Affirmation.

Detective Derrick Cunningham did not personnally appear before a Magistrate or Judge. Rule 18 11 (A) (3) (a) Alabama Rules of Juicial Administration. states: "... The powers of a District Court Magistrate shall be limited to: " (A) Issuance of arrest warrants,....and, where such Magistrate is licenced to pratice law in Alabama, issuance of search warrants;..." To allow a Magistrate that is not licensed to pratice law to issue a warrant would deprive Plaintiff of his equal protection of laws. Alabama Rules of Judicial Administration, forbids it. see Newton v. State 375 So.2d.1245 (Ala.1979); Ringer v. State 394 So.2d. 69 (Ala.1980).
It is well the settled law in Alabama that a Magistrate must have or has been praticing law in Alabama to have authority to issuance of a warrant. United States v Lefkowitz 285 U.S.452, 464, 52 S.ct.420, 423, 76 L. Ed. 877; Giordenello v United States, supra, at 486, 78 S.ct., at 1250; Wong Sun v. United States, 371 U.S. 471, 481-482, 83 S.ct. 407, 413-414, 9 L. Ed. 2d. 441; Katz v. United States, 389 U.S. 347, 356-357, 88 S.ct. 507, 514, 19 L. Ed. 2d. 576.

The determination of probable cause was made by Detective Derrick Cunningham of the Montgomery Police Department, by Oath and Affirmation before an unathorized Magistrate or Judge, this defendant Derrick Cunningham was actively in charge of the investigation and later was to become Deputy Sheriff of Montgomery County.
Under our system of government the police have a duty to fight crime without violating Constitutional Rights. Police officers must recognize when they do not have the authority to make a search or effect an arrest, This is what the Constitution requires. United States v Leon, ___ U.S. ___, 104 S.ct. 3405, In which the court adopted the <u>Harlow</u> reasonableness standard.
The court indicated that where a warrant is obtained upon the basis of an Affidavit which the

obtaining officer has no reasonable ground to believe, alleged probable cause, the resulting search will not be cured by either the Magistrate's approval or the ignorance of the executing officers. Planitiff's Rights under the Fourth and Fourteenth Amendment to the United States Constitution were violated. [ 42 Ala. App. 43 ]. " No freeman maybe taken, or imprisoned, or detained, or outlawed, or banished, or in any way destroyed, nor will we go aganist him, or send against him, except by the lawfull judgment of his peers, or by the law of the land, to none will we sell or deny or delay right or justice."

## " CONCLUSION "

Plaintiff shows that the Statute Of Limitations does not apply in this case, for a " Void " or " Invalid " warrant without probable cause and being forged by an unathorized person [ Ola B. Johnson]. Plaintiff does not challenge the conviction, but the Oath and Affirmation of a " Void " or " Invalid " Affidavit and Warrant for Arrest, without this Affidavit and Warrant for Arrest there would be no Felony Murder Conviction.

Respectfully Submitted,

*Calvin Mays JR.*

Calvin Mays, JR.,
# 150299
P.O. Box 150
Mt. Meigs, Ala.36057

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing have been placed in the Kilby Correctional Facility mail box at P.O. Box 150 Mt. Meigs, Al. 36057 and forward to the Office Of The Clerk United States District Court P.O. Box 711 Montgomery, Alabama 36101-0711.

Done this the 10th day of July 2006.

*Calvin Mays, JR.*
Calvin Mays, JR.,
#150299 KC13-16B
P.O. Box 150
MT. MEIGS, AL. 36057