**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2006 AUG 10  A 10: 58

T. CLK
U.S. DISTRICT COURT
MIDDLE DIST. ALA.

**CIVIL ACTION NO.** 2:06 V 532-ID
[NO]

*Calvin Mays, Jr.*
**Petioner,**

VS.                                                    **Application for COA**

*Ola B. Johnson; Derrick Cunningham*
Respondents.

_____

       Pursuant to § U. S. C. 2253 (c) the petitioner in the above named case moves this Honorable Court to issue a Certificate of Appealability. The Certificate should issue for the following reasons.

**STANDARD OF REVIEW**

       The application should be reviewed as to whether reasonable jurists can debate the issues presented , or that the issues presented are adequate to deserve encouragement to proceed futher.

To obtain a COA under § 2253 (c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether ( or for that matter agree that ) the petition should have been resolved in a different manner or that the issues presented were " adequate to deserve encouragement to proceed futher. " SLACK V. MCDANIEL, 529 U. S. 473, 146 L.Ed. 2d 542, 120 S.Ct. 1595 ( 2000 ). Any doubt regarding whether to grant the COA should be resolved in favor of the petitioner.

Any doubt regarding whether to grant a COA is resolved in favor of the petitioner and the severity of the penalty may be considered in making this determination. GRAVES V. COCKRELL, 2003 U. S. App. LEXIS 16734 at * 14 ( 5th., Aug. 15, 2003 )

## THE ISSUES

**I.** October 17, 1997 Ola B. Johnson { herein after Defendant} forged her name as an unauthorized Judge- Clerk- Magistrate for Plaintiff's arrest. {see attached exhibits # A Affidavit and Warrant for arrest}. Detective Derrick Cunningham of Montgomery Police Department { herein after Detective } is listed as only witness upon Oath or Affirmation of Affidavit and Warrant for Arrest that charged Plaintiff with Capital- Robbery Murder of Reginald Kirks. Plaintiff claims are Malicious Prosecution; Abuse Of Process; Outrageous Conduct; and Conspiracy based on Defendant having signed the Affidavit and Warrant for Arrest which resulted in Plaintiff being arrested and prosecuted for Felony - Murder, which Detective without probable cause, or Oath or Affirmation witness this violation of Plaintiff's rights provided by Alabama Constitution, and Federal Constitution's Fourth Amendment, which has been held applicable to the states under the Due Process Clause of the Fourteenth Amendments. see MAPP V. OHIO (1961) 367 US 643, 6 L Ed. 2d 1081, 81 S. Ct 1684, 84 ALR 2d 933 Reh den 368 US 871, 7 L Ed 2d 72, 82 S. Ct 23 ) Reads as follows: " The right of the people to be secure in their persons, houses, papers, and effects against inreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or Affirmation, and particulary describing the place to be searched, and the persons or thing to be seized."

The United States Supreme Court has reportedly required ( see 3, Intra) that whenever an arrest warrant or search warrant is issued, the person issuing it must be " a Neutral and Detached Magistrate. " Alabama Code 1975 § 12-17-251 (c) (1) : Provides " The Powers of a Magistrate shall be limited to: " Issuance of arrest warrants and where such Magistrate is Licensed to practice Law in Alabama."
 Defendant is not licensed in the State of Alabama to practice Law. { see attached exhibit}.Detective upon Oath or Affirmation stated that he has probable cause to believe that Plaintiff committed or about to commit a crime.
 Without probable cause before a unauthorized Judge- Clerk- Magistrate, Defendant and Detective abused their duties in their individual capacity Abused of Process by the requirements to Issuance of a Warrant for Arrest , Outrageous Conduct knowing that this invalid Affidavit and Warrant for Arrest will deprieve Plaintiff of his Constitutional and Civil Rights as a citizen of the United States and the State of Alabama, Article 1, § 5 ,

Constitution of Alabama of 1901 provides:

" That the people shall be secure in their persons, houses, papers, and possessions from unreasonable seizure or searches, and that no Warrant shall issue to search any place or to seize any person or thing without probable cause, supported by Oath or Affirmation. "

**CONCLUSION**

Plaintiff clearly shows that the Warrant for his arrrest is invaild and was not before a authorized Judge- Clerk- Magistrate that practice Law in the State of Alabama , the Detective did not have probable cause to bring forth these charges without being before a Neutral and Detached Magistrate, knowing that this process will violate the Civil Rights of Plaintiff as a citizen of the State of Alabama and the United States.

Respectfully submitted,

*Calvin Mays Jr.*

CALVIN MAYS JR.

I declare under penalty of perjury that the foregoing is true and correct.

*August 8, 2006*
Date

*Calvin Mays, Jr.*
Petitioner, pro se

CALVIN MAYS, JR
#150299  KCB-168
P.O. Box 150
MT. MEIGS, AL. 36057